UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

DONALD RAY LUCAS                                                                                          PLAINTIFF

v.                                                CIVIL ACTION NO. 3:09-CV-P38-M

C.O. DONALD CURRENT *et al.*                                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant James Tingle's motion for reconsideration of this Court's denial of summary judgment to Defendant Tingle (DN 119). Defendant Tingle argues that he should have been granted summary judgment on the alternate ground raised in the summary-judgment motion of failure to exhaust. Plaintiff has not responded to the motion. For the following reasons, the Court will grant Defendant's motion to reconsider and will grant Defendant Tingle summary judgment in his favor on the issue of exhaustion.

With regard to exhaustion, the motion for summary judgment argued that the Kentucky Department of Corrections (KDOC) has a grievance procedure and that a review of the records fails to reveal any grievances appealed to the Commissioner by Plaintiff involving Defendant Tingle telling the walk that Plaintiff had given out information to get staff and inmates in trouble. Attached to the summary-judgment motion is a copy of the KDOC grievance procedure, which provides, "[a] grievance about a personal and specific incident shall be filed within five (5) working days after the incident occurs." CPP 14.6(II)(J)(2). It is apparent from the Policies and Procedures that grievances are to be filed with the Grievance Coordinator, *i.e.*, "[a] staff person appointed by the Warden to monitor and regulate the operation of the inmate grievance procedure." *See* CPP 14.6(I); 14.6(II)(G)(2)(b), (d); 14.6(II)(H)(2)(g); 14.6(II)(J)(1)(10). Also attached is the affidavit of John M. Dunn, who avers that he is the Central Office Ombudsman

for KDOC; that he is the custodian of grievances maintained by KDOC; and that "[t]hese records do not contain any grievances filed by inmate Donald Ray Lucas regarding Sgt. James Tingle telling the walk Donald Ray Lucas gave out info to get staff and inmates in trouble."

In his unverified response to the summary-judgment motion, Plaintiff asserted, in pertinent part, "I've been in seg 4 years w[h]ere I was denied access to the courts and my access very limited. They stopped exhaust of grievances violations of KRS 196.035." However, nowhere does he assert that he did properly file grievances regarding Defendant Tingle calling him a rat. Included among his attachments to his response is a letter dated August 4, 2009, from KDOC Ombudsman Dunn, to Plaintiff stating, in pertinent part: "I am in receipt of your letter and grievances from KSR. In your letter you state you are forwarding these grievances on to me due to you not trusting the staff at the institution. However, according to CPP 14.6 all grievances must go through the institutional grievance coordinator. Therefore, your grievances will not be considered."

Prisoner civil rights cases are subject to the Prison Litigation Reform Act's (PLRA) mandate that "[n]o action shall be brought with respect to prison conditions under § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust a claim, a prisoner must proceed through all of the steps of a prison's or jail's grievance process, because an inmate "cannot abandon the process before completion and claim that he has exhausted his remedies." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). The Supreme Court held in *Woodford v. Ngo*, 548 U.S. 81, 93 (2006), that failure to "properly" exhaust bars suit in federal court. "Proper exhaustion" means that the plaintiff complied with the administrative "agency's deadlines and

other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The Supreme Court provided further clarification of the PLRA's exhaustion rule in *Jones v. Bock*, 549 U.S. 199 (2007). The Court struck down the Sixth Circuit's rule which placed the burden on prisoners to plead and prove exhaustion in their complaint, holding instead that failure to exhaust is an affirmative defense. *Jones*, 549 U.S. at 216. The Court further held that "[t]he level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 218.

Defendant Tingle has put before the Court the sworn affidavit of KDOC Ombudsman Dunn that there is no record of any grievance filed by Plaintiff concerning Defendant Tingle calling him a rat. If in fact Plaintiff failed to properly exhaust his administrative remedies regarding Defendant Tingle's purported actions, summary judgment in favor of Defendant Tingle is appropriate. The Court therefore must consider whether Plaintiff has offered appropriate summary-judgment proof to show the existence of a disputed factual element as to the exhaustion issue. Statements in a verified complaint that are based on personal knowledge may function as the equivalent of affidavit statements for purposes of summary judgment. Fed. R. Civ. P. 56(e) (affidavits opposing summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein"); *Weberg v. Franks*, 229 F.3d 514, 526 n.13 (6th Cir. 2000); *Williams v. Browman*, 981 F.2d 901, 905 (6th Cir. 1992). However, although Plaintiff's complaint (DN 1) was verified, he did not state in his complaint that he exhausted the

3

grievance procedure. Plaintiff offers no verified statement that he did submit a grievance concerning Defendant Tingle. In fact, he offers no response to Defendant's argument that he did not exhaust or to the affidavit averring that no grievance on the subject of Defendant Tingle calling him a rat was submitted. The letter attached by Plaintiff to his response to the summary-judgment motion from KDOC Ombudsman Dunn explaining that, according to CPP 14.6, all grievances must go through the grievance coordinator and not directly to the ombudsman, actually supports the conclusion that Defendant Tingle's purported actions were not properly grieved. Plaintiff has not established the existence of a disputed factual element to defeat summary judgment. Because Plaintiff has not exhausted his administrative remedies, his federal claim against Defendant Tingle is barred by the PLRA exhaustion requirement.

**IT IS ORDERED** that the motion for reconsideration (DN 119) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Tingle is entitled to summary judgment in his favor based on Plaintiff's failure to exhaust. A separate Judgment will be entered.

Date: August 28, 2014

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
 Counsel of record
4414.009

4